## WILSON v. UNITED STATES.
### No. 8137.

Circuit Court of Appeals, Sixth Circuit.

Feb. 16, 1940.

Wilbur Fields, of Louisville, Ky. (Wilbur Fields, of Louisville, Ky., John L. Vest, of Walton, Ky., and O. B. Bertram, of Campbellsville, Ky., on the brief), for appellant.

Eli H. Brown, III, of Louisville, Ky., for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

HICKS, Circuit Judge.

An indictment containing seven counts was returned against Travis O. Morton, Wayne Goode, Cortez Sanders and Robert Walker Wilson. The first count charged defendants with having conspired, Title 18, Ch. 4, Sec. 88, U.S.C., 18 U.S.C.A. § 88, on and between November 1, 1934, and June 30, 1937, ·to embezzle, abstract and misapply funds, moneys and credits of the Taylor National Bank of Campbellsville, Ky., and to make and cause to be made false entries in the books, reports and statements of the bank with intent to injure it and to deceive the officers thereof who were appointed to examine its affairs and records. The last six counts charged the defendants with the commission of criminal acts identical with the overt acts charged in the conspiracy count. All of the defendants were aquitted on the last six counts. Sanders was acquitted on all counts and Morton, Goode and Wilson were convicted on the first count. Wilson appealed.

First: He complains that the court erred in overruling his demurrer to the first count because it did not aver that the overt acts charged therein were done without the knowledge and consent of the board of directors of the bank. This contention is without merit. There is nothing in the applicable statute, Title 12, Ch. 5, Sec. 592, U.S.C., 12 U.S.C.A. § 592, which requires that these overt acts (1) of embezzlement and misapplication; and (2) of making and causing to be made false entries in the books, etc., even when charged as substantive offenses, should be alleged as having been done without the knowledge and consent of the board of directors of the bank.

Second: Appellant contends that the court erred in overruling his motion to require the Government to elect upon which of counts 1, 2, 3 or 7 he would be prosecuted, on the ground that a prosecution on all counts placed appellant in jeopardy of double punishment. As the case, if retried, must be retried upon count 1 alone, it is unnecessary to pass upon this question.

Third: It is said that the court should have sustained the motion to arrest the judgment because appellant's acquittal of the substantive charges contained in counts 2 to 7 operated as an acquittal upon count 1, the evidence upon which he was convicted in count 1 being the same as that upon which he was acquitted in the other counts. Whether the evidence was the same as to each count, we do not know, because all the evidence is not before us. In any event, there could be no imposition of double punishment upon a conviction under a single count.

 Fourth: It is urged that the court erred in refusing to instruct the jury that in order to find appellant guilty of the alleged conspiracy the jury would have to find that he entered into the conspiracy "with intent to injure said bank" but in the main charge the court fully and explicitly instructed the jury upon the element of intent and it was not prejudicial to decline to repeat the instruction.

Fifth: Appellant insists that the court erred in admitting evidence of wrongful acts committed by Morton prior to the dates of the alleged conspiracy. There was evidence introduced by the Government that Morton wrongfully converted to his own use a deposit in the Taylor National Bank belonging to one Goode in the sum of $24,000. This was about five months prior to the earliest date of the conspiracy as alleged in the indictment. Evidence was also introduced by the Government that nearly a year before the earliest date alleged in the conspiracy count, Morton forged the names of the officers of the Buchannon-Lyons Company to a note to the bank in the sum of $12,000; that he applied the proceeds of this forged note to his own personal use and that on at least two occasions, each before the earliest date of the alleged conspiracy, he forged renewals of the note. The Government introduced evidence that as early as November, 1932, Morton forged and entered upon the books of the bank a note in the sum of $7,828.69 bearing the signature of his father, Dr. J. Sam Morton, who had then been dead since October 4, 1930, and that he partially renewed this forged note on March 16, 1934.

Undoubtedly, the evidence of the Goode transaction, the Buchannon-Lyons Company transactions and the Dr. Morton transactions were relevant as bearing upon Morton's motive or intent touching the conspiracy charged against him, even though these transactions occurred prior to the alleged dates of the conspiracy [Johnson v. United States, 6 Cir., 82 F.2d 500, 504]; but they were not competent evidence as against appellant Wilson unless and until it was shown that he had knowledge thereof or was criminally connected therewith. Appellant was entitled to instructions to this effect. The instructions were not given; and the evidence as to these transactions went to the jury generally. We think the admission of this character of evidence directly affected the substantial rights of appellant and we are unable to say that such evidence was harmless. Williams v. Great Southern Lbr. Co., 277 U.S. 19, 26, 48 S.Ct. 417, 72 L.Ed. 761.

The judgment is reversed and the case is remanded for a new trial.